# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41737

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN VALDEZ-MOLINA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-86-2

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant Valdez-Molina was tried and convicted of conspiracy to transport, and transporting, illegal aliens. The conviction is supported by Defendant's admissions in response to his interview and by his signed statement. He appeals, claiming that the confession was tainted by illegal arrest. We see the conduct of the arresting officers to be entirely proper and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41737

These events began one morning when a vehicle pulled into the Falfurrias border patrol checkpoint. The officer, following the usual procedure, came to the driver's window and inquired about the citizenship of the occupants. There were four persons in the car. A woman named Cindy Rojas was the driver and Defendant was seated in the back seat on the same side of the car as the driver. Two males sat on seats at the far side of the automobile. The interrogation left questionable impression for the officer. The driver answered questions for the two men on the other side of the car and they responded only with a "yes." The man in the far front seat appeared to the officer to be nervous. Because the officer's investigation had not obtained satisfactory responses and appeared to be suspicious in the failure to give prompt answers to the citizenship inquiry, the car was then moved to a secondary investigation. There the nervous passenger admitted that he was not legally present in the United States. With that information and the conduct of the four people, the totality of all facts within the officer's knowledge would lead a reasonable person to suspect the commission of an offense. That was probable cause warranting the arrest of all four.

The four persons were separated for interviews as is the custom. At the outset of the interview the Defendant was given the full *Miranda* warning. The Defendant was told in his first interview that Cindy Rojas had admitted that they both knew the inhabitants to be illegal aliens, and that the Defendant had agreed to receive $500.00 to help her smuggle the aliens. The Defendant, however, denied then that he knew the passengers were illegals.

The first interview with Defendant lasted 10 to 15 minutes and the second interview five to 10 minutes, and in the third interview the Defendant confessed to knowing the illegality of the passengers and to agreeing to help smuggle them with Rojas and to receive from her $500.00 for that assistance.

2

No. 15-41737

We find no error by the trial judge in denying suppression of the confession, and the decision of the border control officer to arrest the Defendant was justified.    The officer had an objective basis for the suspicion that Defendant was engaged in the transportation of illegal aliens, a view of these circumstances by an officer trained to do so.  *See United States v. Cortez*, 101 S. Ct. 690, 695 (1981).  The verdict of the jury was supported by the evidence that the confessions were made knowingly and voluntarily.

AFFIRMED.